UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BERNARDETTE GUIDRY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4812** |
| **GULF COAST TEACHING FAMILY SERVICES** | **SECTION: C (1)** |

## ORDER AND REASONS

Before the Court is Defendant Gulf Coast Teaching Family Services' ("Gulf Coast") Motion to Dismiss for Failure to State a Claim for Relief and/or Motion for Summary Judgment, wherein it seeks the dismissal of *pro se* Plaintiff Bernardette Guidry's ("Guidry") complaint. Rec. Doc. 6. Having considered the record, the memorandum and the law, the Court has determine that the motion is GRANTED, and Guidry's claims are dismissed with prejudice for the following reasons.

## I. Background

Guidry alleges that on or about December 3, 2009, she met with her supervisor and a Regional Director, presumably at Gulf Coast, and requested a pay increase. Guidry contends that it was agreed that she would receive $34,000. Rec. Doc. 1 at ¶ 3.  However, Guidry alleges that when her supervisor returned to work from leave in February 2010, she discovered that Guidry had not received her pay increase. *Id.*

This supervisor apparently went back on leave and Guidry again requested a pay increase in February 2010 "because she was the Acting Program Director in the absence of her supervisor." *Id.* at ¶ 4.  Guidry claims she received a pay increase on April 18, 2010, "however it was not for the position of Acting Program Director," but instead it was for the Assistant Program Director position, "even though she was Acting Program Director at the time of the increase." *Id.* at ¶ 6.

Thereafter, Guidry applied for the position of Program Director, but was informed on May 20, 2010 that the position would not be filled due to budgetary cuts. However, Guidry claims that she "continued to assume[] and oversee[] all 8 programs, 5 Coordinators, over 130 direct care workers and 100 consumers to monitor and provide services until petitioner was discharged on or about July 14, 2010." *Id.* at ¶ 7.  She received a right to sue letter from the EEOC on May 3, 2011. *Id.* at ¶ 8. Guidry cites no specific statutory violation but requests an award of back pay, including prejudgment interest, "and any other benefits or seniority to which she may have been entitled." *Id.*

## II. Standard of Review

At this early stage in the case, the Court reviews the motion as a motion to dismiss, not a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (stating that Rule 56(f) requires summary judgment to be refused where the nonmoving party has not had the opportunity to discover essential information).  Generally, if a motion to dismiss includes documents outside the pleadings that are not excluded by the court, the motion should be considered as one for summary judgment; however, if the documents are referred to in the plaintiff's complaint and central to the plaintiff's claim, a court may consider the documents for the purposes of a motion to dismiss. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004)).

The Federal Rules of Civil Procedure provide that an action may be dismissed "for failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state

2

a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be

enough to raise a right to relief above the speculative level," and a claim is facially plausible

when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the

defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556.

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant,

and all facts pleaded are taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence &*

*Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights,*

*Ltd.*, 551 U.S. 308, 322-23 (2007). However, although required to accept all "well-pleaded

facts" as true, the court is not required to accept legal conclusions as true. *Iqbal*, 556 U.S. 662,

677-78. "While legal conclusions can provide the framework of a complaint, they must be

supported by factual allegations." *Id.* at 679. Similarly, "[t]hreadbare recitals of the elements of

a cause of action, supported by mere conclusory statements" will not suffice. *Id.* at 678. The

complaint need not contain detailed factual allegations, but it must offer more than mere labels,

legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* That is, the

complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me

accusation." *Id.* From the face of the complaint, there must be enough factual matter to raise a

reasonable expectation that discovery will reveal evidence as to each element of the asserted

claims. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

Allegations from a *pro se* complaint are held to a less stringent standard than formal

pleadings drafted by lawyers, and a district court should treat a *pro se* plaintiff with appropriate

leniency. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hulsley v. State of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991). The Fifth Circuit has held that "[w]e give *pro se* briefs a liberal construction." *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012) (citing *Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 604 (5th Cir. 2008)); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002). Nevertheless*, a pro se* plaintiff's ignorance of or unfamiliarity with court proceedings does not relieve her of her duty to abide by applicable procedural rules. *See Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991).

### III. Law and Analysis

In support of the pending motion, Gulf Coast argues that this matter is barred under the doctrine in *res judicata*. Rec. Doc. 6-2 at p. 1. Gulf Coast styled the pending motion as a motion to dismiss and/or motion for summary judgment, claiming that courts have dealt with *res judicata* in both procedural postures. *Id.* n.1. Gulf Coast explains that on or about August 2, 2011, Guidry filed a petition in state court against it, which was later removed to this Court and styled *Bernardette Guidry v. Gulf Coast Teaching Family Services*, Civil Action 12-1537 (hereinafter the "First Action"). *Id.* Gulf Coast notes that in the First Action, Guidry alleged, among other things:

12.

That after the supervisor left, the petitioner requested a pay increase in February 2010 because she was now the acting program director in the absence of her supervisor and that request was denied.

13.

That Petitioner was given a pay increase on April 8, 2010, however it was not for the position of acting program director, it was for the Assistant Director position, even though she was the Acting Director at the time of the increase.

4

14.

The petitioner continued to request a pay increase that was due to her; that as a result of her continued request for increase, when her first incident as supervisor occurred, instead of following policy and procedure which would have resulting in a write-up or counseling, the petitioner was terminated.

15.

That further when the petitioner applied for the position of Program Director, the agency informed petitioner that the position was not to be filled allegedly due to budgetary cuts, however shortly after the petitioner was fired the position was filled by a white female, whom lacked experience and qualifications for the position. Petitioner sets forth that the hiring of a white female who was under qualified is racial discrimination.

*Id.* at pp. 1-2 (citing First Action, Rec. Doc. 13).

Gulf Coast further explains that it obtained a dismissal of some of Guidry's claims pursuant to Rule 12(b)(6) motion and through a motion for partial summary judgment. A second motion for summary judgment was filed and Magistrate Judge Shusan, presiding over the matter by the consent of the parties, granted the motion and dismissed Guidry's Title VII claim for race discrimination. *Id.* at p. 3. The matter is currently on appeal before the Fifth Circuit. *Id.*

Gulf Coast contends that the same exact facts are alleged here as were in the First Action, but the plaintiff has merely styled this action as one for "unequal wages" instead of non-payment because of her race, as she did in the First Action. *Id.* at p. 4. As such, Gulf Coast argues that *res judicata* precludes this action. *Id.* at pp. 4-6.

In opposition to the pending motion, Guidry explains in greater detail the nature of her claim, which further demonstrates that this case arises out of the same nucleus of operative facts as the first action. *See* Rec. Doc. 8 at pp. 3-4. Guidry acknowledges the first action, and that it is currently on

appeal. *Id.* at p. 4.  Moreover, she concedes that she is "not familiar of [sic] Legal Aspects, Federal

Guidelines, or terminology." *Id.* at p. 5.  Guidry fails to address any of Gulf Coast's arguments

regarding *res judicata*, but simply states that "[t]he Plaintiff submits that through exhibits and

affidavit that Gulf Coast's Motion for Summary judgment should not be granted," without any

further explanation. *Id.*  Plaintiff's exhibits to the motion contain 220 pages of letters, forms, and

other materials, some of which appear relevant to her claim, but in no way address the issue of *res

judicata* or show how this action is not barred by the First Action. *See* Rec. Doc. 8-1.

> To trigger *res judicata* under federal law and bar a subsequent suit:
>
> First, the parties in the later action must be identical to (or at least in privity with) the parties in the prior action. Second, the judgment in the prior action must have been rendered by a court of competent jurisdiction. Third, the prior action must have concluded with a final judgment on the merits. Fourth, the same claim or cause of action must be involved in both suits.

*Vines v. Univ. of La. At Monroe*, 398 F.3d 700, 704-05 (5th Cir. 2008).

Despite Guidry's failure address any of these elements in her opposition, the Court will address each

necessary element of *res judicata*. As to the first element, the parties are identical in the First Action

and this action. Concerning the second factor, the judgment on Guidry's claims was rendered by a

court of competent jurisdiction, this Court. Third, the First Action concluded with a final judgment

on the merits. First Action, Rec. Doc. 37 (district court's judgment dismissing Guidry's complaint

with prejudice).  The fact that the judgment issued by the district court in the First Action is

currently being challenged on appeal does not save Guidry's cause of action here: "A case pending

appeal is res judicata and entitled to full faith and credit unless and until reversed on appeal."

*Fidelity Standard Life Ins. Co. v. First Nat'l Bank & Trust Co*, 510 F.2d 272, 273 (5th Cir. 1975);

*see also Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013) (citing *Fidelity Standard*

*Life Ins. Co.*, 510 F.2d at 273).

Finally, the fourth element to trigger *res judicata* requires that the two actions have the same

claim or cause of action. With regard to this factor, the Fifth Circuit has explained:

> This court determines whether two suits involve the same claim or cause of action
> by applying the transactional test of the Restatement (Second) of Judgments, § 24.
> *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir.2004). Under the
> transactional test, our inquiry focuses on whether the two cases under consideration
> are based on "the same nucleus of operative facts." *In re Southmark Corp.*, 163 F.3d
> at 934 (quoting *In re Baudoin*, 981 F.2d 736, 743 (5th Cir.1993)). ***The nucleus of
> operative facts, rather than the type of relief requested, substantive theories
> advanced, or types of rights asserted, defines the claim.*** *Agrilectric Power Partners,
> Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir.1994). If the cases are based on the
> same nucleus of operative facts, the prior judgment's preclusive effect "extends to
> all rights the original plaintiff had 'with respect to all or any part of the transaction,
> or series of connected transactions, out of which the [original] action arose.'"
> *Petro-Hunt*, 365 F.3d at 395 (citing RESTATEMENT (SECOND) OF
> JUDGMENTS § 24(1)).

*United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (emphasis added).

Here, upon a review of the complaints in the First Action and here, it is undeniable that these cases

share the same nucleus of operative facts. *Compare* First Action, Rec. Doc. 13 (Second Amended

Complaint), *with* Rec. Doc. 1 (complaint in this action). The factual allegations in the First Action

are identical to those asserted here, in that Guidry claims she was not promoted and paid as she

should have been; while the First Action brings causes of action under a theory of race

discrimination, and the pending action makes no such explicit claim, as the Fifth Circuit has

explained, it is not the theory of relief sought that determines whether *res judicata* bars a subsequent

suit, but rather whether the two actions arise from the same nucleus of operative facts. *Davenport*,

484 F.3d at 326.  Therefore, the Court finds that all elements of *res judicata* are present and the current action is barred.

Moreover, as Guidry is proceeding in forma pauperis, the "complaint[] may be dismissed as frivolous if [it] seek[s] to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff." Rec. Doc. 3; *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993).  Additionally, when a later filed case is duplicative of a still-pending suit filed by the plaintiff "it should dismiss it in favor of the case that was filed earlier," and the dismissal should be without prejudice to the plaintiff's prosecution of the duplicative earlier-filed suit. *Id.*  However, as noted before, "[a] case pending appeal is res judicata and entitled to full faith and credit unless and until reversed on appeal." *Fidelity Standard Life Ins. Co.*, 510 F.2d at  273.  Therefore, the Court will dismiss this action with prejudice, but recognizes that Guidry of course may continue to litigate these issues in the First Action, which is now on appeal.

### IV. Conclusion

For the reasons stated above, this Court finds that *res judicata* bars Guidry's claims. Accordingly,

**IT IS ORDERED** that Gulf Coast's "Motion to Dismiss for Failure to State a Claim for Relief and/or Motion for Summary Judgment" is **GRANTED** and Guidry's complaint is **DISMISSED WITH PREJUDICE**. Rec. Doc. 6.

**NEW ORLEANS, LOUISIANA**, this 14th day of August, 2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**